UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:15-cv-61081-BLOOM/VALLE

STEPHEN REGAL, GIANNA HILLIS,
and MATTHEW WILLIAMS,
individually and on behalf of all other
similarly situated individuals,

Plaintiffs,

v.

BUTLER & HOSCH, P.A.,

Defendant.

_____________________________________________/

**PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW**

**Motion to Certify Class**

Under Rule 23(b)(3) Plaintiffs move to certify this case as a class action. The motion is based on the following:

1. Plaintiffs' claims arise under the Worker Adjustment and Relocation Notice Act, usually referred to simply as the WARN Act and closely related breach of contract claims.[1] The WARN Act requires that employers with more than 100 workers give 60-days advance notice of any mass layoff of 50 or more workers during specified periods. The WARN Act explicitly makes class actions of the claims alleged here under the following provision:

> "A *person seeking to enforce such liability … may sue* either for such person or *for other persons similarly situated*, or both, in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business."[2] [e.s.]

Plaintiffs' Amended Consolidated Class Action Complaint [D.E. 35] alleges that, on May 14, 2015, Defendant Butler & Hosch, P.A. terminated hundreds of their employees without giving them the WARN Act 60-day advance notice.

2. Plaintiffs' WARN Act claims seek statutory severance and other damages from the date of termination – May 14, 2015 -- for a sixty day period going forward.

3. Plaintiffs' breach of contract claims seek earned and unpaid compensation and benefits for the three week period before May 14, 2015.

4. Plaintiffs define the class they seek to certify as follows:

> All former employees, excluding part-time employees, of Butler & Hosch, P.A. who were terminated from their employment at Butler

[1] *See* 29 U.S.C. §§ 2101-2109.

[2] 29 U.S.C. §2104(a)(5).

> & Hosch without receiving sixty (60) days written notice of a mass layoff before the date of termination. [3]

According to Defendant's business records, this class includes at least 606 members[4], obviously too many for joinder of each. The identities of each member of the class have be ascertained from the centralized personnel records kept by Defendant.

5. The following questions of fact and law (among others identified in discovery) under the WARN Act concerning the actions of defendants predominate over any individual questions:

a. Did the terminations of workers on May 14, 2015, constitute a "mass layoff" or a "termination?"

b. Did Defendant provide 60 days advance notice as required?

c. Do any statutory exceptions to the notice requirement apply?

d. Did Defendant pay compensation and benefits for the three week period preceding May 14, 2015?

6. The class of 606 is too numerous; joinder of all members is impracticable.

7. The questions of law and fact are common to the class.

8. The claims of all class members are utterly the same, not in any way antagonistic; the relief sought is identical for all. The claims or defenses of the representative parties are therefore identical to the claims and defenses of all members of the class, and are therefore typical and common.

---

[3] Excluded from the Class are Defendant, any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

[4] *See* Declaration of Seth Lehrman ("Lehrman Decl.") attached as **Exhibit A**, ¶ 4-6 (Payroll report and employee list produced by Defendant identify Class Members.

9. The representative parties will fairly and adequately assert and protect the interests of all class members. Plaintiffs' counsel are substantially experienced in class action representation. Lehrman Decl., ¶ 2-3.

Whereupon, the premises considered, Plaintiffs respectfully request that this Court enter an Order certifying this action as a class action under Rule 23(b)(3), Federal Rules of Civil Procedure.

## **Memorandum in Support of Motion**

Plaintiffs assert claims on behalf of 606 of Defendant's employees who were summarily terminated in a "mass layoff" without advance notice of impending job loss. This mass layoff was carried out on May 14, 2015 by conference call and mass email.

There are two powerfully authoritative reasons *compelling* class certification in this case. The first is the statute itself, the WARN Act, which explicitly makes plaintiffs' WARN Act claims a class action by statutory definition. WARN directly and expressly imposes on enterprises with more than 100 employees specified class-wide duties and obligations requiring them to protect large groups of workers from sudden mass layoffs or — failing to give such protection — to pay all such workers two months salary.

In authorizing suit by workers for redress when the enterprise fails to meet its statutory duties, the WARN Act explicitly authorizes suit by terminated workers "*for other persons similarly situated*" on behalf of all workers joined in a *mass* job loss. The *mass* in WARN is by definition a *class* within the contemplation of Rule 23. The explicit statutory direction "*for other persons similarly situated*" can be understood only as directing that the suit for redress embrace all workers whose rights were violated by the concerted action of the employing enterprise.

This particular statutory construct — the WARN Act — is unique in that regard. It is a

none-too-subtle direction from Congress that judicial relief in WARN cases be group relief for all workers who lost their jobs in the critical time period by terminations without previous warning or notice. It is a statutory right defined on a class-wide basis, not just individually. The express statutory text, "*for other persons similarly situated*," thus makes clear that the group right of protection must equally be vindicated in court by group — that is, class-wide relief.

The judicial relief afforded by the WARN Act —back pay covering 60 days for each worker thus terminated — is too modest per capita to support individual actions in federal court. Moreover, individual actions by each of the 606 workers would be an undue burden both as to the Defendant as well as this Court. It is thus simply inconceivable that only individual actions were intended by the Congress adopting the WARN Act.

The second unusually forceful authority supporting certification of the class in this case is standing precedent from this very district. As it happens, a WARN Act case previously filed in the Southern District of Florida before this one resulted in a certified class, and largely for the reasons given in the preceding paragraphs. In *Kelly v. SabreTech Inc.*, 195 F.R.D. 48 (S.D. Fla. 1999), Judge Middlebrooks confronted the identical WARN Act class action certification issues, under indistinguishable facts, and certified a class of 110 members. He justified class action certification with this observation:

> As noted by Judge Leval of the Southern District of New York, "[t]he *WARN Act seems particularly amenable to class litigation*. By its terms, WARN is applicable only in the context of employer action which affects a large number of employees." [c.o.]

195 F.R.D. at 54 (citing *Finnan v. L.F. Rothschild & Co. Inc.*, 726 F. Supp. 460 (S.D.N.Y. 1989)). He further explained:

> There are questions of law and fact that are common to the class relating to the application of the WARN Act provisions to an alleged common course of action by Defendant … relating to

> terminations of employees that took place on certain dates. The questions include … whether Defendant is an employer within the meaning of WARN; whether Defendant's actions triggered the sixty day notice requirement (specifically, if there was a 'mass layoff' or a 'plant closing'); whether statutory exceptions to the notice requirement apply; and whether Defendant failed to provide notice as required.

195 F.R.D. at 53.

Judge Middlebrooks is not alone in finding a WARN Act case "particularly amenable" to class action.[5] In all WARN Act cases, the common issues of law and fact set forth above are the identical issues Congress intended be decided on a class basis under the WARN Act. As one court bluntly put it, "Class certification has routinely been granted in cases such as this, where former employees are making claims pursuant to the WARN Act." *Eash v. Export Packaging Co. Inc.*, No. 09-cv-1217, 2010 WL 3724770 (C.D. Ill. Sept. 15, 2010). And so the reported decisions around the country have granted certification in WARN cases involving, as here, the

[5] *See Nolan v. Reliant Equity Investors, LLC*, NO. 3:08-CV-62, 2009 WL 2461008 (N.D. W.Va. Aug 10, 2009) (other courts have found WARN Act cases to be amenable to class litigation); *Alberts v. Nash Finch Co.*, 245 F.R.D. 399 (D. Minn. 2007) (no difficulty in concluding that class treatment is a superior method of adjudication in this case); *Cashman v. Dolce Int'l Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004) ("Because WARN Act lawsuits are permitted only against employers with more than 100 employees, WARN actions are particularly amenable to class-based litigation"); *Moreno v. DFG Foods, LLC*, , No. 02 C 4019, 2003 WL 21183903 (N.D. Ill. May 21, 2003) (WARN Act seems particularly amenable to class litigation); *Balentine v. Triad Intern. Maintenance Corp.*, Case Number 01-10357-BC, 2002 WL 31749163 (E.D. Mich. Oct 17, 2002) (courts have repeatedly found the numerosity requirement to be satisfied in WARN cases when more than 50 employees are alleged to have been wrongfully separated; Rule 23(b)(3) requirement that common questions of law or fact predominate over other questions affecting individual members generally met in WARN cases); *In re ABMD Ltd.*, 439 B.R. 475 (Bankr. S.D. Ohio 2010) (class action requirements of numerosity, commonality, typicality, and predominance of class issues easily met in WARN cases because of statutory requirements); *In re Spring Ford Indus. Inc.*, No. 02-15015DWS, 2004 WL 231010 (Bankr. E.D. Pa. 2004) (WARN cases particularly amenable to class action because WARN requires at least 100 employees and terminations in groups of at least 50; "[i]n the context of alleged WARN Act violations, common issues will almost always predominate"); *Cruz v. Robert Abbey Inc.*, 778 F. Supp. 605, 612 (E.D. N.Y. 1991) (class action is the superior method for adjudicating WARN claims).

concentration of workers at a single location.[6]

The foregoing precedents are entirely coherent with the general Rule 23 requirements for class actions outside of WARN Act claims. In general issues of class certification, some broad underlying principles are important. Class certification presents only a procedural issue, and the merits of the claims at issue should not be determinative in deciding certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). The trial court has broad discretion in deciding whether to certify a class. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006).

The general background principles for consideration of class certification – that Rule 23(a) and (b) be construed broadly rather than restrictively and that the merits allegations in the complaint be accepted as true – have strong application in WARN Act cases. *See Cruz v. Robert Abbey Inc.*, 778 F. Supp. 605, 612 (E.D. N.Y. 1991) ("if an error is to be made with respect to class certification, it is to be in favor and not against the maintenance of a class action"); *Gomez v. Amer. Garment Finishers Corp.*, 200 F.R.D. 579, 581 (W.D. Tex. 2000) ("class action relief "is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class").

A) ***Numerosity***

Numerosity is the first general class action requirement. Plainitffs contend that without advance 60-day warning more than 600 workers were laid off in a mass layoff. In addition, Defendant's business records produced through discovery, confirm the identity of Class

[6] *See* attached appendix containing list of WARN Act class action decisions.

Members and the amount of damages compensable under the WARN Act and contract claims respectively. See Lehrman Decl., ¶ 4-6.

As a general test, a class of 40 members is *prima facie* numerous enough for class treatment. *See Moreno v. DFG Foods LLC*, 2003 WL 21183903 (N.D. Ill. 2003) (holding that 100 laid off workers in WARN Act case satisfy numerosity requirement; citing Herbert Newberg, NEWBERG ON CLASS ACTIONS §§ 3.05 at 3-25 (3rd ed.1992) for proposition that class of more than 40 raises presumption joinder is impracticable)). Many of the WARN Act cases certifying class actions have comprised significantly fewer workers than are involved in this case. *See Cruz*, 778 F. Supp. 612 (114 employees); *Finnan v. L.F. Rothschild & Co. Inc.*, 726 F. Supp. 460, 465 (S.D. N.Y. 1989) (127 employees); *Cashman v. Dolce Int'l/Hartford Inc.*, 225 F.R.D. 73, 91 (D. Conn. 2004) (117 employees); *Balentine v. Triad Intern. Maint. Corp.*, No. 01-10357-BC, 2002 WL 31749163, at *2 (E.D. Mich. Oct 17, 2002) (280 employees, order stating "Courts have repeatedly found the numerosity requirement to be satisfied in WARN cases when more than 50 employees are alleged to have been wrongfully separated"); *Carrier v. JPB Enters.*, 206 F.R.D. 332, 334 (D. Me. 2002) (123 employees); *New Orleans Clerks and Checkers Union Local No. 1497 v. Ryan-Walsh Inc.*, No. 93-3592, 1994 WL 72101, at *3 (E.D. La. Mar 02, 1994) (140 employees); *Nolan v. Reliant Equity Investors LLC*, NO. 3:08-CV-62, 2009 WL 2461008, at *6 (N.D. W.Va. Aug 10, 2009) (375 employees). And, of course, we know that Judge Middlebrooks certified a WARN Act class of 110 members.

The very prospect of 600 former employees bringing individual claims for back pay in the amount of 60 days of their regular compensation suggests strongly why joinder is highly impractical and class action treatment indispensable in this case. A huge majority of these workers simply cannot be deemed able to do so. Indeed, the class-based duty imposed on

employers planning to lay off such large groups of workers (at least more than 100) would scarcely have any vindication in court if judges insisted on individual lawsuits. *See Moreno v. DFG Foods LLC*, 2003 WL 21183903 (damages of individual workers laid off in WARN Act case ranging from $4,300 to $6,500 each are small enough to make separate and individual claims impractical); *Gomez v. Amer. Garment Finishers Corp.*, 200 F.R.D. 579, 584 (W.D. Tex. 2000) (requiring each of 350 employees to establish liability in individual lawsuits simply destroys efficiency; no indication that any of the 350 affected employees likely would wish to file own lawsuit; relatively small amount of potential damages indicates that the filing of 350 individual, repetitive lawsuits is unlikely). It cannot be seriously disputed that numerosity is more than satisfied in this case.

**B) *Typicality and Commonality***

Typicality and commonality are important parts of class actions falling under Rule 23(a). This rule requires questions of law or fact common to the class, and Rule 23(b) requires that a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for a fair adjudication of the case."[7]

As a general proposition, allegations of treating an entire class unlawfully in the same way — as alleged here — satisfy the commonality requirement. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557-58 (11th Cir. 1986), *cert. denied*, 479 U.S. 883 (1986). A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3), and the commonality requirement is satisfied by a class

[7] FED. R. CIV. P. 23(a), (b).

action must involve issues that are susceptible to class-wide proof. *Murray v. Auslander*, 211 F.3rd 807, 811 (11th Cir. 2001).

In *Cashman v. Dolce Intern./Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004), the court held:

> The commonality and typicality requirements are fairly easily met in an action brought under the WARN Act. Ms. Lee brings her claim against Defendants under 29 U.S.C. §2104(a)(5), which grants standing to aggrieved employees to sue their employer on their own behalf and on behalf of other similarly situated aggrieved employees, in order to recover back pay and benefits under 29 U.S.C. §2104(a)(1), for the period of time during which notice of an impending layoff or termination was owed, but not given as required by 29 U.S.C. §2102(a)(1). The class of former Dolce employees have precisely the same legal claims as Ms. Lee, with the only differences affecting possible damages. Accordingly, the Court concludes that the proposed members of Ms. Lee's class have common questions of law and fact and that her claim is typical of those whom she seeks to represent.

*Id*. at 92. Later, in discussing certification under rule 23(b)(3), the court held:

> Establishing WARN Act liability turns on fairly straightforward issues common to the entire class, including: whether Defendants are "employer[s]" under the Act; whether a "mass layoff" or "plant closing" took place on or about December 30, 2003; and, if so, whether Defendants gave the proper notice required by the Act. See 29 U.S.C. §2101(a)(1). Defendants may also seek to establish defenses common to the entire class. Furthermore, if liability is established, the calculation of total back pay and benefits owed to each member of the class is a fairly simple matter that will require little individualized effort. [c.o.]

*Id*. at 95. These holdings about the WARN Act and class actions permeate the decisions.[8] Need

[8] *See Moreno v. DFG Foods, LLC*, 2003 WL 21183903, at *7-9 (same); *Nolan v. Reliant Equity Investors, LLC*, NO. 3:08-CV-62, 2009 WL 2461008, at *5 (N.D. W.Va. Aug 10, 2009) (all liability issues in WARN case were common and no issues not common; WARN Act cases amenable to class litigation); *Finnan v. L.F. Rothschild & Co. Inc.*, 726 F. Supp. 460, 465 (S.D. N.Y. 1989) ("The WARN Act seems particularly amenable to class litigation."); *In re Protected Vehicles Inc.*, 397 B.R. 339, 343-44 (Bankr. D. S.C. 2008) (same); *Gomez v. Amer. Garment*

we add that this very district, through Judge Middlebrooks, made the same holding. *Kelly v. SabreTech, Inc.*, 195 F.R.D. 48, 54 (S.D. Fla. 1999).

**C) *__Adequacy of Representation__***

The adequacy requirement is easily established here. To satisfy this requirement, the class representatives must be part of the class and possess the same interest and suffer the same injury as the class members. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (quoting *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). Hence the class representatives' interests should not be antagonistic to those of the class members. *See Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000) (citing C. Wright, A. Miller and M. Kane 7A FEDERAL PRACTICE & PROCEDURE § 1768). A party's claim to representative status is defeated only if the conflict between the representative and the class is a fundamental one, going to the specific issues in controversy. *Pickett*, 209 F.3d at 1280 (citing H. Newberg and A. Conte, 1 NEWBERG ON CLASS ACTIONS §3.25). Adequacy of representation is usually presumed in the absence of actual evidence to the contrary. *Access Now Inc. v. AHM CGH Inc.*, 197 F.R.D. 522 (S.D. Fla. 2000) (citing 2 NEWBERG § 7.24 at 7-80 to 81).

As cases discussed in foregoing pages have perceived without contradiction, the claims and interests of all members of a WARN Act class are generally identical, without distinction. In the ordinary WARN Act claim, all members were demonstrably treated identically as a class by the employer effecting a group termination without the 60-day advance warning, in consequence of which they all suffer the same damage: 60 days back pay. The court in *Nolan* expressed the nature of the employer's action and its effects on the workers thus:

---

*Finishers Corp.*, 200 F.R.D. 579, 585 (W.D. Tex. 2000) (same); *Cashman v. Dolce Intern./Hartford, Inc.*, 225 F.R.D. 73, 90 (D. Conn. 2004) (same).

> [T]he representatives' claims in seeking redress for the alleged WARN Act violation are sufficiently interrelated with the claims of the purported class. *In fact, they are identical. There is no indication that the proposed representative has any claims which are antagonistic to the claims of the proposed class*. [e.s.]

2009 WL 2461008, at *4; *see also Gomez*, 200 F.R.D. at 582 (holding that "liability on behalf of the representative plaintiffs, once established, necessarily will establish liability for the benefit of the class also").

When all class members have suffered the same wrong, the same consequences, and seek the same redress, there is no reason to doubt that the representative parties will fairly and adequately protect the interests of the class, or to believe that the representatives will fail to pursue the claim diligently for individual conflicts. If the representatives are successful in establishing Defendant's liability under the WARN Act, all class members will receive precisely the same relief, 60 days back pay. *See Alberts v. Nash Finch Co.*, 245 F.R.D. 399 (D. Minn. 2007) ("What is important is that [plaintiff] Eckhoff, like every other class member, cannot recover under the WARN Act unless she proves that the two stores were a single site of employment. Eckhoff is challenging the same conduct, relying on the same evidence, and seeking the same type of relief as every other class member. There is no reason to doubt that she will 'fairly and adequately protect the interests of the class' "); *Cashman, supra* (class of former employees in action under WARN Act have precisely the same legal claims as representative party, only differences affect possible damages). Likewise, if the representatives are successful in establishing the Defendant's liability under the breach of contract claims, then all class members will receive precisely the same relief, back pay for the three weeks preceding the May 14, 2015 mass layoff.

"Counsel will be deemed adequate if they are shown to be qualified, adequately financed, and possess sufficient experience in the subject matter of the class action." *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 651 (S.D.Fla.2010). Plaintiffs' counsel have significant experience in class action litigation, indeed in this very district. *See e.g. Soto v. Gallup*, No. 13-cv-61747 (S.D. Fla.), D.E. 85 (Order granting final approval to class action settlement); *See also* Lehrman Decl. ¶ 2-3; *See also* Firm Resume of Chimicles & Tikellis LLP, ("Chimicles Resume") attached as **Exhibit B**. In addition, Plaintiffs' counsel are adequately financed to complete this litigation. Lehrman Decl. and Chimicles Resume.

D) ***<u>Predominance</u>***

Class questions predominate over individual questions in this case and Rule 23's requirement in this regard is indisputably met in this case. The applicable analysis was clearly stated in the following case:

> The…discussion of Rule 23(a)'s commonality and typicality requirements informs its inquiry under Rule 23(b)(3). …Establishing *WARN Act liability turns on fairly straightforward issues common to the entire class*, including: *whether Defendants are "employer[s]" under the Act; whether a "mass layoff" or "plant closing" took place on or about December 30, 2003; and, if so, whether Defendants gave the proper notice required by the Act*. …Furthermore, *if liability is established, the calculation of total back pay and benefits owed to each member of the class is a fairly simple matter that will require little individualized effort*. …[S]ome damage and benefit calculations … may require more individualized effort [but they]…are not likely to predominate…

*Cashman*, 225 F.R.D. at 95; *see also Moreno*, 2003 WL 21183903 (common questions of law and fact predominate and class action is superior for adjudicating claims in WARN Act case; determining liability will depend on resolution of common questions regarding events surrounding claimed mass layoffs at facility and how Act's liability provisions are applicable to circumstances); *In re Spring Ford Indust. Inc.*, 2004 WL 231010 at *9 ("In the context of alleged

WARN Act violations, common issues will almost always predominate"). Rule 23(b)(3) is not only the superior means to decide this dispute, it is really the only one.

**Conclusion**

In short the class action certification issue is not close, and the issues here do not present the paradigm "hard case" which the denizens of legal jurisprudence love to use to demonstrate the essential incoherency of the legal corpus — that opposing outcomes may be plausibly justified by its precedents. As the court explained in *Cashman*, WARN Act cases provide the quintessential scenario for class certification in that liability turns on "fairly straightforward issues common to the entire class". *See, e.g.*, 225 F.R.D. at 95. Likewise, these same common issues determine Defendant's liability on the breach of contract claims. Accordingly, the instant breach of contract claims are just as amenable to class certification as the WARN Act claims.

Because WARN is designed to provide an omnibus worker remedy — that is, class treatment — for masses of workers whose services are ended by their employers on a class basis in a mass layoff, cases arising under WARN's provisions are designed and meant by Congress to be decided as class actions. Class action treatment is not merely superior to other means of adjudication, it is the ONLY means intended by Congress and used in the cases.

Accordingly, under Rule 23(b)(3) this motion seeks certification of the entire class of Defendant's discharged employees described above.

**L.R. 7.1(A)(3) CERTIFICATION**

In accordance with Local Rule 7.1(a)(3), undersigned counsel has consulted with counsel for Defendant's counsel Roy S. Kobert and Maureen Pateman by email and Defendant does not oppose the relief requested in this motion.

Dated: July 21, 2016

Respectfully submitted,

*/s/ Seth M. Lehrman*
Gary M. Farmer, Jr. (FBN 914444)
Email: gary@pathtojustice.com
Steven R. Jaffe (FBN 390770)
Email: steve@pathtojustice.com
Mark S. Fistos (FBN 909191)
Email: mark@pathtojustice.com
Seth M. Lehrman (FBN 132896)
Email: seth@pathtojustice.com
**FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**
425 North Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Tel.: 954-524-2820
Fax: 954-524-2822

Benjamin F. Johns *(Admitted Pro Hac Vice)*
Email: bfj@chimicles.com
Andrew W. Ferich *(Admitted Pro Hac Vice)*
Email: awf@chimicles.com
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system on July 21, 2016, and will be served on all counsel of record listed below through the ECF system.

*/s/ Seth M. Lehrman*
Seth M. Lehrman

# SERVICE LIST

***Regal, et al v. Butler & Hosch, P.A.***
**CASE NO. 15-CV-61081-BB**
**United States District Court, Southern District of Florida**

Roy Scott Kobert
Florida Bar No. 777153
E-mail: roy.kobert@gray-robinson.com
Maureen Pateman
Florida Bar No. 0605530
E-mail: Maureen.pateman@gray-robinson.com
GRAY ROBINSON, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32802-2068
Tel.: 407-843-8880
Fax: 407-244-5690

Fernando J. Menendez
Florida Bar No. 18167
E-mail: Fernando.menendez@gray-robinson.com
GRAY ROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Tel.: 305-416-6880
Fax: 305-416-6887

*Attorneys for Butler & Hosch, P.A.*

## APPENDIX TO MOTION FOR CLASS CERTIFICATION

List of WARN Act Certified Class Actions

*District Court Decisions*

1. *Mowat, et al. v. DJSP Enterprises, Inc., et al.*, 10-cv-62302-UU (S.D. Fla. 2011) D.E. 89, 95 (Finding that proposed class of at least 800 was clearly numerous; that common questions, such as whether terminations constituted "mass a layoff" and whether advanced written notice was provided predominate over individual questions; that the claims of the representatives were typical of class members since they were "utterly the same"; and that adequacy was found, noting that courts routinely find that a small number of former employees terminated without notice are generally adequate representatives in WARN Act cases).

2. *Georigi v. Recon Automotive Remanufacturers*, 2009 WL 1312607 (E.D. Pa. 2009) (defining WARN class as all employees terminated without cause and not given 60 days prior notice; terminating class without appropriate notice required by WARN is a course of conduct common to all class members subject to common proof in a single trial).

3. *Nolan v. Reliant Equity Investors, LLC*, 2009 WL 2461008, (N.D. W.Va. Aug 10, 2009) (all liability issues in WARN case were "common"; "With respect to liability, there are no issues that are not common." [at*5] "This Court also notes that other courts have found WARN Act cases to be amenable to class litigation." [citing *Finnan*, *Protected Vehicles*, *Kelly* and *Cruz*, at *6].

4. *Cashman v. Dolce Intern./Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004) ("Because WARN Act lawsuits are permitted only against employers with more than 100 employees, WARN actions are particularly amenable to class-based litigation"; allegations that class of 117 members have limited financial resources and lack the legal sophistication and financial wherewithal necessary to bring individual suits to enforce their rights under the WARN make class action appropriate; "The commonality and typicality requirements are fairly easily met in an action brought under the WARN Act"; WARN class has exactly same claims as plaintiffs except for damages).

5. *Moreno v. DFG Foods, LLC*, 2003 WL 21183903, (N.D. Ill. May 21, 2003) ("As at least one court has noted, 'the WARN Act seems particularly amenable to class litigation. By its terms, WARN is applicable only in the context of employer action which affects a large number of employees. It is only applicable to companies which employ more than 100 employees.'[citing *Finnan* above] Numerous courts interpreting WARN have concluded that a class of approximately 100 is sufficient to satisfy numerosity.' ").

6. *Carrier v. JPB Enterprises, Inc.*, 206 F.R.D. 332, 334 (E.D. Me. 2002) (class of more than 40 raises presumption that joinder is impracticable; numerosity requirement for WARN class action on behalf of employees terminated due to mass layoff met where number of claims exceeded 40, and for one claim was 123).

7. *Balentine v. Triad Intern. Maintenance Corp.*, 2002 WL 31749163, (E.D. Mich. Oct 17, 2002) ("Courts have repeatedly found the numerosity requirement to be satisfied in WARN cases when more than 50 employees are alleged to have been wrongfully separated"; (b)(3) requirement that common questions of law or fact predominate over other questions affecting individual members generally met in WARN cases).

8. *Gomez v. Amer. Garment Finishers Corp.*, 200 F.R.D. 579, 582 (W.D. Tex. 2000) ("by its terms, WARN applies only to those employer actions which affect *582 large quantities of employees. Moreover, the 350 employees Defendant allegedly laid off without the notice required by WARN clearly are so numerous that joinder of all 350 is impracticable").

9. *Kelly v. SabreTech Inc.*, 195 F.R.D. 48 (S.D. Fla. 1999) (Middlebrooks, J.) (certifying WARN class of 115 as particularly amenable to class litigation by reason of WARN's substantive requirements).

10. *New Orleans Clerks and Checkers Union Local No. 1497 v. Ryan-Walsh, Inc.*, 1994 WL 72101 (E.D. La. Mar. 02, 1994) ("a WARN action, falls squarely with[in] the criteria for sanctioning a class, all of the following factors having been met, to wit: (1) Numerosity; (2) Common Questions of Fact and Law; (3) Typicality; and (4) Representation").

11. *Cruz v. Robert Abbey Inc.*, 778 F. Supp. 605, 612 (E.D. N.Y. 1991) (common questions of law and fact in application of WARN to termination of certain employees on certain dates governs all of the claims).

12. *Finnan v. L.F. Rothschild & Co. Inc.*, 726 F. Supp. 460, 465 (S.D. N.Y. 1989) (certifying class of 127 discharged employees; WARN Act particularly amenable to class litigation; WARN applicable only in context of employer action affecting large number of employees).

*Bankruptcy Court Decisions*

13. *In re ABMD Ltd.*, 439 B.R. 475 (Bankr. S.D. Ohio 2010) (class of 293 employees sufficient in WARN claim; class action requirements of numerosity, commonality, typicality, and predominance of class issues easily met in WARN cases because of statutory requirements; class action proceedings deemed appropriate vehicle for WARN cases).

14. *In re Taylor Bean & Whitaker Mortgage Corp.*, 2010 WL 4025873 (Bankr. M.D. Fla. Sep. 27, 2010) (predominant issue clearly whether employer's actions violated WARN; common issues of law and fact related to whether employer's actions violated WARN, whether class members sustained damages and appropriate measure of damages predominate over any questions affecting only individual members).

15. *Kettell v. Bill Heard Enterprises Inc.*, 400 B.R. 795 (Bankr. N.D. Ala. 2009) (certifying class of former employees terminated without advanced notice; commonality requirement easily met with WARN claims).

16. *Burgio v. Protected Vehicles, Inc.*, 397 B.R. 339 (Bankr. D. S.C. 2008) (defining class of 300 former employees discharged or terminated without notice required by WARN).

17. *In re Spring Ford Indus., Inc.*, 2004 WL 231010 (Bankr. E.D. Pa. 2004) (WARN cases particularly amenable to class action because WARN requires at least 100 employees and terminations in groups of at least 50; "[i]n the context of alleged WARN Act violations, common issues will almost always predominate").

18. *Grady v. Quantegy, Inc.*, 343 B.R. 689 (Bankr. M.D. Ala. 2006) (class action proceedings deemed appropriate vehicle for WARN cases).