UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:15-cv-61081-BLOOM/VALLE

STEPHEN REGAL, GIANNA HILLIS,
and MATTHEW WILLIAMS,
individually and on behalf of all other
similarly situated individuals,

Plaintiffs,

v.

BUTLER & HOSCH, P.A.,

Defendant.
_______________________________________/

**PLAINTIFFS' *UNOPPOSED* MOTION FOR APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, STEPHEN REGAL, GIANNA HILLIS, and MATTHEW WILLIAMS, individually, and on behalf of all others similarly situated ("Plaintiffs" collectively), by and through their counsel, hereby move this Court for an order approving the form and content of the class action Notice, attached hereto as Exhibit A.

## I. Background

On August 29, 2016, this Court entered an Order [DE 77] ordering Plaintiff's to file a proposed notice to class members for the Court's approval.

## II. Memorandum of law

"Notice to class members is required in three circumstances: (1) when a Rule 23(b)(3) class is certified; (2) when the parties propose a settlement or voluntary dismissal that would be binding on the class; and (3) when an attorney or party makes a claim for an attorney fee award." MANUAL FOR COMPLEX LITIGATION FOURTH ("MCL") § 21.31 at 285. The first circumstance is present here.

**A. Manner of Notice**

"Individual members in a Rule 23(b)(3) action have a right to opt out of the class proceedings." *Id.*, § 21.311 at 287; *Fed. R. Civ. P.* 23(c)(2)(B)(v). To that end, Rule 23(c)(2)(B) provides, in relevant part: "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *see* Wright, Charles Alan and Miller, Arthur R., 7AA *Fed. Prac. & Proc. Civ.* § 1786 (3d ed.).[1] "If all (or most) class members can be individually identified and located, courts will require that individual notice be sent via mail or other direct means." *Pigford v. Veneman*, 355 F. Supp. 2d 148, 162 (D.D.C. 2005).[2] "Individual mailings, even when only calculated to reach one third of prospective plaintiffs, and even without supplemental publication in newspapers, ha[ve] been found to constitute adequate notice." *Gonzalez v. City of New York*, 396 F. Supp. 2d 411, 418 (S.D.N.Y. 2005). "[D]ue process is satisfied "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out[.]' " *Domonoske v. Bank of America, N.A.*, 2011 WL 2341100, 4 (W.D. Va. 2011) (quoting *Phillips Petroleum Co. v. Shutts* 472 U.S. 797, 812 (1985)).[3]

---

[1] The fundamental purpose of class notice is to "afford members of the class due process which, in the context of the Rule 23(b) (3) class action, guarantees the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1480 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 US 156, 173-74 (1974)).

[2] *See In re A-P-A Transport Corp. Consol. Litigation*, 2005 WL 3077916, 8 (D.N.J. 2005) (WARN Act decision collecting case law and finding "[m]any courts have found individual mailings to an individual's last known address to be appropriate") (citations omitted).

[3] *Accord Peters*, 966 F.2d 1483, 1486 ("[N]otice by first class mail ordinarily satisfies rule 23(c)(2)'s requirement that class members receive 'the best notice practicable under the circumstances.' "); *UAW v. General Motors Corp.*, 2006 WL 891151, 34 (E.D. Mich. 2006); *Johnson v. GMAC Mortgage Group, Inc.*, 2006 WL 2433474, *4 (N.D. Iowa 2006) (first class

In this case, Class Members were employees whose terminations took place in or about May 2015. Based on the foregoing, Plaintiffs therefore propose that the proposed Notice form be sent *via* First Class Mail to the last known addresses of Class Members as stated in Defendants' records.[4]

**B. Content of the Notice**

"Notice generally is given in the name of the court, although one of the parties typically prepares and distributes it." MANUAL FOR COMPLEX LITIGATION FOURTH ("MCL") § 21.31 at 286. The standards for the content of Rule 23(b)(3) class notices are set forth in Rule 23(c)(2)(b), *Fed. R. Civ. P.*, which provides in pertinent part that the "notice must clearly and concisely state in plain, easily understood language:

i. the nature of the action;
ii. the definition of the class certified;
iii. the class claims, issues, or defenses;
iv. that a class member may enter an appearance through an attorney if the member so desires;
v. that the court will exclude from the class any member who requests exclusion;
vi. the time and manner for requesting exclusion; and
vii. the binding effect of a class judgment on members under Rule 23(c)(3)."

Rule 23(c)(2)(b), *Fed. R. Civ. P.*

The attached draft Notice incorporates the content called for under the foregoing Rule 23(c)(2)(b) requirements, and was formatted to be similar in style and approach to the class

mail to class members' last known addresses satisfies notice requirement); *In re VMS Ltd. Partnership Securities Litigation*, 1995 WL 355722, 1 (N.D.Ill.1995) (same).

[4] In *In re A-P-A Transport Corp. Consol. Litigation*, at *7 (a WARN Act case), the court approved notice "served…'to each member of the proposed class at that person's last known address as shown in the Defendant's records.'"

notice models available on the Federal Judicial Center's ("FJC") website, www.fjc.gov.[5] Particularly, the attached draft Notice describes: the nature of the case,[6] the Class definition,[7] the claims and defenses,[8] the possibility to appear through counsel,[9] the exclusion rights and process,[10] and the binding effect of a class judgment.[11] The Notice will be sent *via* First Class Mail along to be returned by each Class Member on or before 35 days after the date the Notice was mailed. The proposed Notice specifies that Exclusion Requests must be postmarked no later than a date certain [Ex. A, at ¶ 7]. The Notice provides that Class Members will return the Exclusion Requests to Farmer, Jaffe, Weissing, Edwards, Fistos, & Lehrman, P.L., one of Plaintiffs' counsel, and that Plaintiffs' counsel will forward the Exclusion Requests to the Court and to Defendant [Ex. A at ¶ 7]. Therefore, the proposed Notice satisfies the content requirements of Rule 23(c)(2)(b), *Fed. R. Civ. P*.

WHEREFORE, Plaintiffs move this Court for an order:[12]

A. Approving the form, content and manner of distributing the proposed Notice form, attached to this Motion as Exhibit A;

B. Requiring that on or before 15 days after the date the Court enters an order approving the Notice, Plaintiffs shall provide *via* First Class mail to each Rule Class Member the Notice form; and,

---

[5] As the MANUAL ON COMPLEX LITIGATION notes: "The FJC has tested the form notices for comprehension and identified some principles that will be of value to those drafting such notices." *Id.* at § 21.31 at 286, n 880.
[6] Ex. A at p. 1 and at ¶ 2.
[7] *Id.* at ¶¶ 3.
[8] *Id.* at ¶¶ 4-5.
[9] *Id.* at ¶¶ 9-11.
[10] *Id.* at ¶¶ 6-8.
[11] *Id.* at ¶¶ 5 and 10.
[12] **Exhibit B** hereto contains a proposed order.

C. Setting the deadline for the return of Exclusion Requests so that they must be postmarked no later 33 days after the date the Notices are mailed.

## L.R. 7.1(A)(3) CERTIFICATION

In accordance with Local Rule 7.1(a)(3), undersigned counsel has consulted with counsel for Defendant's counsel Roy S. Kobert and Maureen Pateman by email and Defendant does not oppose the relief requested in this motion.

Dated: September 2, 2016

Respectfully submitted,

*/s/ Seth M. Lehrman*

Gary M. Farmer, Jr. (FBN 914444)
Email: gary@pathtojustice.com
Steven R. Jaffe (FBN 390770)
Email: steve@pathtojustice.com
Mark S. Fistos (FBN 909191)
Email: mark@pathtojustice.com
Seth M. Lehrman (FBN 132896)
Email: seth@pathtojustice.com
**FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**
425 North Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Tel.: 954-524-2820
Fax: 954-524-2822

Benjamin F. Johns *(Admitted Pro Hac Vice)*
Email: bfj@chimicles.com
Andrew W. Ferich *(Admitted Pro Hac Vice)*
Email: awf@chimicles.com
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system on September 2, 2016 and will be served on all counsel of record listed below through the ECF system.

*/s/ Seth M. Lehrman*
Seth M. Lehrman

## SERVICE LIST

***Regal, et al v. Butler & Hosch, P.A.***
**CASE NO. 15-CV-61081-BB**
**United States District Court, Southern District of Florida**

Roy Scott Kobert
Florida Bar No. 777153
E-mail: roy.kobert@gray-robinson.com
Maureen A. Vitucci
Florida Bar No. 0605530
E-mail: mvitucci@gray-robinson.com
GRAY ROBINSON, P.A.
301 E. Pine Street, Suite 1400
Orlando, FL 32802-2068
Telephone: 407-843-8880
Facsimile: 407-244-5690

Fernando J. Menendez
Florida Bar No. 18167
E-mail: Fernando.menendez@gray-robinson.com
GRAY ROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: 305-416-6880
Facsimile: 305-416-6887

*Attorneys for Butler & Hosch, P.A.*